PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ N. BLANCO, Defendant and Appellant.

No. 3701. Argued February 26, 1929.—Decided November 8, 1929.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

José N. Blanco was convicted of rape and complains of the admission of alleged hearsay testimony.

Eminé Pérez Gutiérrez, the prosecuting witness, is a niece of defendant's wife, and was living in the home of defendant at the time of the offense. This witness was asked what the aunt had said when witness informed the aunt of what defendant had done. The reply was that the aunt had threatened to kill the child if she told any one else what had occurred. Such testimony is not hearsay. 3 Wigmore on Evidence (2nd ed.) 770, section 1766.

Antonia Mirella Pérez, a sister of the prosecutrix, testified to what Eminé had told her at the earliest opportunity a year or more perhaps after the commission of the first offense. During the time that had elapsed Eminé had been practically a prisoner under the physical control of defendant. She was among strangers, a child of tender years, induced to silence by threats of physical violence. Defendant lived in San Juan. The mother and sister of the prosecutrix were in Ponce. She could not write and there was no one through whom she could inform her mother and sister. She did not delay the telling of her story when the sister came to San Juan. The defendant had repeated his offense at intervals up to the time of the sister's arrival. In the circumstances, the statement made to the sister upon her arrival was, we think, a part of the *res gestae.* 22 R.C.L. 1216–1217, sec. 50; *People* v. *Calventy,* 34 P.R.R. 375; *People* v. *Arenas Alemañy,* 39 P.R.R. 14.

When the prosecution rested at ten minutes to six o'clock in the afternoon, court was adjourned to reconvene at 8:30 in the evening. Thereupon counsel for defendant requested that the afternoon session be resumed in order to hear the testimony of a witness for defendant. Counsel stated that this witness was a night watchman who could not attend the night session, that he was a material witness and that if he was not permitted to testify at once defendant would be de-

prived of this testimony. The refusal of the trial judge to grant this request is assigned as error.

The night watchman had been in attendance upon the trial throughout the day, and a request for permission to put him upon the stand might have been made at any time before the close of the evidence for the people. Process to compel the attendance of the witness might have been obtained even after the refusal of the district judge to prolong the afternoon session. The record does not disclose the nature of the testimony expected from this source and no prejudice is shown. In any event, we find no abuse of discretion in the action taken by the trial judge.

The fourth and last contention of appellant is that the court below erred in charging the jury, and in refusing to give certain instructions requested by defendant. An examination of the charge as given, of the special instructions refused, and of the reasons for such refusal discloses no reversible error.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.